UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BERNARD SHIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06CV52(HEA) |
| | ) | |
| YMCA OF GREATER ST. LOUIS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Eric Bernard Shields for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it

lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief against defendant YMCA of Greater St. Louis (YMCA) for an alleged violation of 42 U.S.C. § 2000e-11 that purportedly occurred in connection with the termination of plaintiff's employment with YMCA.

Upon review of this Court's records, it appears that plaintiff previously asserted employment discrimination claims in a Title VII action against the YMCA in November 2001. *See Shields v. YMCA-Monsanto Branch*, No. 4:01-CV-1552-HEA (E.D. Mo.). On May 15, 2003, this Court dismissed the action pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure for plaintiff's failure to comply with the Court's Order of April 16, 2003, wherein the Court granted defendant's Motion to Enforce Settlement and ordered plaintiff to execute the appropriate settlement documents within twenty days. Plaintiff appealed, and on August 26, 2003, the Eighth Circuit dismissed the appeal on the ground that appellant's brief was untimely. *Shields v. YMCA-Monsanto Branch*, No. 03-2353 (8th Cir. Aug. 26, 2003).[1]

On January 12, 2006, plaintiff filed the instant complaint alleging that "[the] government cannot justify the departure of the Plaintiff's employment in this case, with the suggestion to pay pennies on the dollar with the means to reaching [sic] a settlement." Because this Court's May 15, 2003 dismissal operated as a dismissal with prejudice, the instant employment discrimination action is legally frivolous. *See Caldwell v. Camp*, 594 F.2d 705, 707 n.2 (8th Cir. 1979)(in absence of specification by court, involuntary dismissal on grounds other than lack of jurisdiction, improper venue, or failure to join a party will operate as adjudication on the merits, *see* Fed. R.Civ.P.41(b), and therefore, is a dismissal with prejudice); *Jaramillo v. Burkhart*,

---

[1] In addition to these actions, plaintiff also filed an employment discrimination suit against the YMCA of Greater St. Louis, *see Shields v. YMCA of Greater St. Louis*, No. 4:04-CV-1378(HEA)(E.D. Mo.), that this Court dismissed because it simply reasserted claims already disposed of on the merits pursuant to the May 15, 2003 order.

3

59 F.3d 78, 79 (8th Cir. 1995)(dismissal with prejudice operates as rejection of plaintiff's claims on the merits and res judicata precludes further litigation).

Furthermore, the Court notes that 42 U.S.C. § 2000e-11 provides only that any federal, state, territorial, or local law that creates a special right or preference for veterans is not invalidated by the other provisions of Title VII concerning employment discrimination. As such, § 2000e-11 does not create any special rights or benefits for veterans. Therefore, plaintiff's complaint that the defendant "violated" § 2000e-11 fails to state a claim upon which relief may be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**